826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Anegus ALLEN, Plaintiff-Appellant,
v.
Phillip G. DANTES, Chairman; Frances G. Stepter, Appeals
Clerk, Defendant-Appellee.
 No. 87-6551
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1987.
Decided Aug. 12, 1987.
 
 Charles Anegus Allen, appellant pro se.
 Karen Stakem Hornig, Assistant Attorney General, Office of the Attorney General of Maryland, for appellees.
 Before WIDENER, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles A. Allen filed this action pursuant to 42 U.S.C. Sec. 1983, alleging that he was denied access to the courts when a Baltimore City Circuit Court clerk declined to forward Allen's trial record to the Maryland Court of Special Appeals until he paid the required filing fee. See Md. Rule 1011. Allen demanded that the fee be waived and that the clerk be ordered to transmit the record immediately. Allen also claimed that the Maryland Parole Commission considered improper factors when Allen was denied parole. The district court granted defendants' motion for summary judgment. We affirm.
 
 
 2
 The district court dismissed Frances Stepter, a circuit court clerk, under the doctrine of qualified immunity. Because Allen sought only injunctive relief, that doctrine is inapplicable. See Pulliam v. Allen, 466 U.S. 522, 528-36 (1984); Wallace v. King, 626 F.2d 1157, 1161 (4th Cir. 1980), cert. denied, 451 U.S. 969 (1981). However, as this is a case in which the principle of comity demands that the federal court abstain, see Pennzoil Co. v. Texaco, Inc., ---- U.S. ----, 55 U.S.L.W. 4457, 4458-4459 (April 6, 1987), we affirm the decision below.
 
 
 3
 Allen's complaint concerning parole is directed not at parole procedures but at the factors taken into consideration when the Maryland Parole Commission denied him parole. Cf. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1977) (en banc) (per curiam), cert. denied, 435 U.S. 1003 (1978). As relief, he demanded that he be properly considered for parole and that he be given a copy of files used in making the parole determination. Because parole decisions and evidence to be relied upon in making such decisions are within the discretion of the parole commission, see United States v. Grayson, 438 U.S. 41, 47 (1978), the lower court properly concluded that Allen did not state a claim.*
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Allen states that unspecified false information is in his prison file. However, as he has not made the showings required by Paine v. Baker, 595 F.2d 197 202-03 (4th Cir.), cert. denied, 444 U.S. 925 (1979), we lack jurisdiction to consider the claim